IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD W. FORBES,

        Plaintiff,

  v.

THE STATE OF CALIFORNIA,

        Defendant.

_____/

No. CIV.S-05-2122 GEB DAD PS

FINDINGS AND RECOMMENDATIONS

        Plaintiff, proceeding pro se, initiated this action by filing a document styled as a "Notice of Removal Jurisdiction." That notice does not refer to a state court action, however. Rather, the notice appears to concern a traffic citation issued to plaintiff by the California Highway Patrol for driving with expired vehicle registration and failing to have proof of insurance.

        According to the complaint, plaintiff is a "Brigadier General U.S.A.F., Martial Law Commander." The complaint alleges:

/////

/////

1

1  |  The Martial Law Command was initiated in the
2  |  Tahoe National Forest, a United States territory,
   |  in March, 2000, due to discovery of silent
3  |  chemical, biological and radiological invasion
   |  through laser systems, by American citizens
4  |  acting in agreement with a specific foreign
   |  nation to infuse chemical and biological agents
5  |  on a nuclear carrier, atmospherically into
   |  persons, structures, infrastructure utilities,
6  |  and vehicles; flora and fauna, inside the borders
   |  of the United States.

7  (Compl. at 2.)  Liberally construed, the complaint alleges that

8  plaintiff failed to register his vehicle because:

9  |  The license plates of the State of California and
   |  the corresponding aluminized reflective
10 |  registration stickers and numerical sequences are
   |  used by both the U.S. citizen terrorist and a
11 |  specific foreign nation in conspiracy to impose
   |  data and nuclear computer circuitry for the
12 |  purpose of espionage against the United States;
   |  imposition of atmospheric and ground wave carrier
13 |  borne chemicals, poisons, biological animals,
   |  personal, business and government computer access
14 |  and modification....

15 (Compl. at 7.)  The complaint contains no discernible prayer for

16 relief.

17        The court has liberally construed plaintiff's pro se

18 complaint.  See Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir.

19 1985)(en banc).  However, despite that liberal construction the court

20 finds that plaintiff's complaint has no arguable basis either in law

21 or in fact, is wholly insubstantial, implausible and therefore

22 subject to dismissal for lack of subject matter jurisdiction.  See

23 Hagans v. Levine, 415 U.S. 528, 543 (1974) (a claim may be dismissed

24 for lack of jurisdiction where it is "so insubstantial, implausible,

25 foreclosed by prior decisions of this Court or otherwise completely

26 devoid of merit as not to involve a federal controversy within the

2

jurisdiction of the District Court"); <u>Bell v. Hood</u>, 327 U.S. 678, 682 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and "so patently without merit"); <u>see also</u> <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984)("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process.").

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed with prejudice for lack of subject matter jurisdiction.[1]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

/////
/////
/////
/////

---

[1] The undersigned has considered whether leave to amend might be appropriate.  However, the nature of the allegations of plaintiff's complaint demonstrate that leave to amend would be futile.  <u>Schmier v. United States Court of Appeals for the Ninth Circuit</u>, 279 F.3d 817, 824 (9th Cir. 2002).

3

1 waive the right to appeal the District Court's order.  See <u>Martinez
2 v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: October 26, 2005.

                                                  */s/ Dale A. Drozd*
                                                  DALE A. DROZD
                                                  UNITED STATES MAGISTRATE JUDGE

7 DAD:th
ddad1\orders.prose\forbes2122.f&r